UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICHOLAS ESPINOZA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:19-cv-167-OLG |
| | § | |
| BOYS & GIRLS CLUBS OF SAN | § | |
| ANTONIO, | § | |
| Defendant. | § | |

DEFENDANT BOYS & GIRLS CLUBS OF SAN ANTONIO'S
ANSWER TO PLAINTIFF NICHOLAS ESPINOZA'S ORIGINAL PETITION,
JURY DEMAND, AND REQUEST FOR DISCLOSURES

NOW COMES BOYS & GIRLS CLUBS OF SAN ANTONIO (hereinafter "Defendant"), Defendant in the above-styled and numbered cause, and files this its Original Answer and Affirmative Defenses to Plaintiff Nicholas Espinoza's (hereinafter "Plaintiff") Original Petition, Jury Demand, and Request for Disclosures[1] ("Complaint") , and respectfully states as follows:

I.
PARTIES AND SERVICE

1.     Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 1 of the Complaint, and therefore, denies same.

2.     Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3.     Defendant admits that one of its locations is located at 600 SW 19th Street, San Antonio, Texas 78207.   The remaining allegations in paragraph 3 of the Complaint seek a legal

---

[1] Plaintiff's Original Petition, Jury Demand, and Request for Disclosures was filed in the 407th Judicial District Court, Bexar County, Texas, Cause No. 2018CI21023 on November 1, 2018.

conclusion, and therefore, no response is required; to the extent a response is required, Defendant denies the allegations.

## II.
## JURISDICTION AND VENUE

4.      Defendant admits that Plaintiff's complaint contained allegations of violations of the Texas Labor Code Sections 21.051 and 21.055 as alleged in Paragraph 4 of the Complaint. Defendant further responds that this Court dismissed Plaintiff's allegations for retaliation under the Texas Labor Code.  The remaining allegations in Paragraph 4 of the Complaint seek a legal conclusion, and therefore, no response is required; to the extent a response is required, Defendant denies the allegations.

## III.
## NATURE OF ACTION

5.      Defendant admits that this is an action brought pursuant to the Texas Labor Code Section 21.051, Section 21.055, and 31 U.S.C. Section 3730(h)(1) as alleged in paragraph 5 of the Complaint.   Defendant further responds that this Court dismissed Plaintiff's allegations for retaliation under the Texas Labor Code.   Defendant denies the remaining allegations in paragraph 5 of the Complaint.   Answering further, Defendant denies that it engaged in any unlawful conduct and/or that Plaintiff is entitled to any relief.

## IV.
## CONDITIONS PRECEDENT

6.      Defendant denies the allegations set forth in paragraph 6 of the Complaint.

## V.
## FACTS

7.      Defendant denies the allegations set forth in paragraph 7 of the Complaint.

4818-0841-0769

8.      Defendant denies the allegations set forth in paragraph 8 of the Complaint. Defendant further responds that this Court dismissed Plaintiff's allegations for retaliation under the Texas Labor Code.

## VI.
## SEX DISCRIMINATION
## UNDER § 21.051 OF THE TEXAS LABOR CODE AND RETALIATION FOR OPPOSING SEX DISCRIMINATION UNDER SECTION 21.055

9.      Defendant incorporates its responses to the Complaint contained in paragraphs 1-8.

10.      Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11.      Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12.      Defendant denies the allegations set forth in paragraph 12 of the Complaint.

13.      Defendant denies the allegations set forth in paragraph 13 of the Complaint. Answering further, this Court dismissed Plaintiff's allegations for retaliation under the Texas Labor Code.

## VII.
## RETALIATION UNDER THE FALSE CLAIMS ACT

14.      Defendant admits that the False Claims Act states, "Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, or agent or associated others in furtherance of an action under this section or other efforts to stop one or more violations of this subchapter." Defendant denies the remaining allegations set forth in paragraph 14 of the Complaint.

3

4818-0841-0769

## VIII.
## DAMAGES

15.    Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 15 of the Complaint, including all subparts (a)-(e) listed thereto.

16.    Defendant admits that Plaintiff is seeking monetary relief in the amounts set forth in the Complaint including costs, expenses, pre- and post-judgment interests, and attorneys' fees as alleged in paragraph 16 of the Complaint. Defendant denies that it engaged in any unlawful conduct and/or that Plaintiff is entitled to the relief he seeks, and therefore, denies the remaining allegations set forth in paragraph 17 of the Complaint.

## IX.
## JURY DEMAND

17.    Defendant admits that Plaintiff demanded a jury trial as set forth in paragraph 17 of the Complaint, but denies that trial of this cause in this Court is proper because Defendant is not liable for any of the claims or damages identified herein. Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiff tendered the appropriate fees as alleged in paragraph 17 of the Complaint, and therefore, denies same.

## X.
## REQUEST FOR DISCLOSURE

18.    Defendant admits that Plaintiff sought Requests for Disclosure pursuant to Texas Rule of Civil Procedure 194 as alleged in paragraph 18 of the complaint but denies that such requests remain applicable to this case.

## XI.
## PRAYER

19.    Defendant denies that it engaged in any unlawful conduct and/or that Plaintiff is entitled to the relief he seeks in the "prayer" paragraph of the Complaint. To the extent a

4

4818-0841-0769

response is required, Defendant denies the allegations and that Plaintiff is entitled to any of the relief requested in the "prayer" paragraph of the Complaint.

20.     Defendant denies each and every allegation contained within Plaintiff's Complaint unless specifically admitted herein.

## AFFIRMATIVE DEFENSES

In asserting the following defenses and other matters, Defendant does not admit that the burden of proving the allegations or denials contained in them is upon Defendant. Rather, the burden of proving the facts relevant to and/or the inverse of the allegations contained in the following defenses and other matters is on Plaintiff. Moreover, Defendant does not admit any liability in asserting the following defenses and other matters; rather, Defendant specifically denies any and all allegations of liability in the Complaint. Without admitting liability as to any of Plaintiff's causes of action, Defendant asserts the following affirmative and other defenses.

1.     Defendant affirmatively pleads that for any event(s) occurring outside the applicable statute of limitations, Plaintiff is barred from recovery.

2.     Plaintiff has failed to state a claim or claims for which relief may be granted.

3.     Plaintiff's employment was terminated for legitimate, non-discriminatory and non-retaliatory reasons, unrelated to sex, and unrelated to any legally-protected conduct in which Plaintiff may have engaged.

4.     Defendant affirmatively pleads that Plaintiff has failed to mitigate any damages that he may have suffered as a result of Defendant's alleged actions and, alternatively, any award received by Plaintiff should be offset by the amount of wages and benefits that he has received during the period covered by the award.

4818-0841-0769

5.     Defendant affirmatively pleads that it exercised reasonable care to prevent and promptly correct any alleged discrimination and/or retaliation in the workplace and that Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendant or to otherwise avoid harm.

6.     Defendant affirmatively pleads that, for any of Plaintiff's causes of action and/or claims pursuant to the Texas Labor Code which have not been made the subject of a timely filed Charge of Discrimination before the EEOC and/or the Texas Commission on Human Rights and/or any other governing administrative body, Plaintiff is barred recovery on those causes of action because he has failed to exhaust administrative remedies.

7.     Defendant affirmatively pleads that, for any of Plaintiff's causes of action and/or claims pursuant to the Texas Labor Code which were not timely filed and served upon Defendant, are barred.

8.     Defendant affirmatively pleads that Plaintiff's claims are barred, in whole or in part, because Defendant never unlawfully, knowingly, intentionally, recklessly, indifferently and/or maliciously discriminated against Plaintiff in any respect whatsoever and all actions taken against him, if any, were taken in good faith and for legitimate, lawful, and non-discriminatory and non-retaliatory reasons.

9.     Defendant affirmatively pleads that Plaintiff is not entitled to some or all of the relief requested in his pleading because, even if Defendant was found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, Defendant would have taken the same action with regard to his employment regardless of any impermissible factors.

4818-0841-0769

10.     Defendant affirmatively pleads that Plaintiff's claims for exemplary damages are barred by its good-faith efforts to comply with the Texas Labor Code, and that Defendant had reasonable grounds to believe that its actions and/or omissions with respect to Plaintiff were in compliance with all applicable federal and state law.

11.     Defendant affirmatively pleads that Plaintiff's claim for exemplary damages is limited by the U.S. Constitution and Texas Constitution.

12.     Defendant affirmatively pleads that Plaintiff's claims for damages are capped or limited in accordance with applicable law.

13.     Defendant affirmatively pleads that Plaintiff did not engage in any legally protected conduct, or that Defendant was aware of Plaintiff's engagement in any legally protected conduct.

WHEREFORE, DEFENDANT prays that this Court deny Plaintiff any recovery, that judgment be granted to Defendant, and such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

By:    */s/  Donna K. McElroy*
Donna K. McElroy
State Bar No. 13582050
dmcelroy@dykema.com
Elisa B. Reinsmith
State Bar No. 24045940
ereinsmith@dykema.com
DYKEMA GOSSETT PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas  78205
Telephone:  210.554.5500
Facsimile:  210.226.8395
**ATTORNEYS FOR**
**DEFENDANT BOYS & GIRLS**
**CLUBS OF SAN ANTONIO**

4818-0841-0769

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2019, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

**VIA EMAIL:  dennislrichardlaw@gmail.com**
Dennis L. Richard
Law Office of Dennis L. Richard
14255 Blanco Road
San Antonio, TX  78216


*/s/  Donna K. McElroy*

8

4818-0841-0769